# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:17-cv-298

Rosie Pacheco,

    Plaintiff,

v.

American Family Mutual Insurance Company

    Defendant.

## COMPLAINT

Comes now, Rosie Pacheco, by and through her attorneys, Franklin D Azar & Associates, P.C., and submits the following for her Complaint:

## JURISDICTION AND VENUE

1. Plaintiff Rosie Pacheco is a citizen and resident of Colorado. Her residence address is 663 Gallapego Street, Denver, Colorado, 80204.

2. Defendant American Family Mutual Insurance Company is a Wisconsin Corporation. Its principal place of business is 6000 American Parkway, Madison, Wisconsin, 53783.

3. The amount in controversy exceeds $75,000.00.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

5. Defendant is a corporation doing business in the State of Colorado.

6. At all times pertinent to this complaint, Plaintiff Rosie Pacheco had an automobile insurance policy with Defendant American Family Insurance Company.

7. On or about December 12, 2014, Plaintiff Rosie Pacheco was injured in a motor vehicle collision.

8. The collision occurred at the intersection of West 7th Avenue and North Kalamath Street, Denver, Colorado.

9. Plaintiff was driving westbound on 7th Avenue. She entered the North Kalamath intersection on a green light. At the same time, an underinsured motorist, Phuoc Phan was traveling southbound on North Kalamath. Mr. Phan entered the intersection against a red light. The vehicles collided and Plaintiff was injured.

10. Plaintiff was not negligent on the occasion in question.

11. No third party caused, or contributed to the cause, of the collision and Plaintiff's consequent injuries, damages and losses.

12. At the time of the collision, Ms. Pacheco was insured with Defendant American Family Insurance Company.

## FIRST CLAIMS RELIEF BREACH OF CONTRACT

13. Plaintiff incorporates all prior allegations as though fully set forth herein.

14. Plaintiff's insurance policy with the Defendant included underinsured motorist coverage in the amount of $100,000 per person. (A copy of the policy declarations page is attached as Exhibit A.) At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant American Family Insurance Company.

15. Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

16. Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

17. The principal injuries Plaintiff sustained in the December 12, 2014 crash were to her shoulders. Both shoulders needed surgery as a result of the injuries sustained in the December 12, 2014 collision.

18. The at-fault driver, Phuoc Phan, had an automobile insurance policy with bodily injury liability limits of $50,000.00 per person.

19. In addition to general damages, Plaintiff incurred special damages associated with the injuries sustained in the December 12, 2014 collision including $160,511.16 in medical expenses.

20. On May 11, 2015, Plaintiff, through her attorney, made a demand on American Family to pay her underinsured motorist coverage limits of $100,000.00. The demand was time limited, requiring a response from American Family by June 1, 2015. (A copy of the demand letter is attached as Exhibit B.)

21. American Family did not offer the $100,000.00 underinsured motorist coverage benefit.

22. Not only did Defendant not offer the underinsured motorist coverage benefit to the Plaintiff, but Defendant did not make a partial payment as it was required under *Fisher v. State Farm* 2015 COA 57, 2015WL2198515 (May 12, 2015).

23. Defendant American Family has breached its insurance contract with the Plaintiff.

24. Plaintiff is entitled to be compensated by Defendant American Family for all damages she has incurred, including medical and hospital expenses, pain and suffering, loss of enjoyment of life, permanency and/or impairment, and disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF VIOLATION OF C.R.S § 10-3-1115 and C.R.S. § 10-3-1116

25. Plaintiff incorporates all prior allegations as though fully set forth herein.

26. Defendant American Family Insurance Company has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

27. C.R.S § 10-3-1115, which was been in full force and effect at all times pertinent to the allegations set forth in this Complaint provides:

    (1) In any civil action for damages founded upon contract, or tort, or both against an insurance company, the trier of fact may be instructed that the insurer owes its insured the duty of good faith and fair dealing, which duty is breached if the insurer delays or denies payment without a reasonable basis for its delay or denial…

> (2) Under a policy of first-party insurance, the determination of whether the insurer's delay or denial was reasonable shall be based on whether the insurer knew that its delay or denial was unreasonable or whether the insurer recklessly disregarded the fact that its delay or denial was unreasonable.

28. American Family knew its delay/denial was unreasonable.

29. American Family recklessly disregarded the fact that its delay/denial was unreasonable.

30. Defendant American Family's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant should have previously paid her.

23. Plaintiff has incurred attorney's fees and costs in pursuing her claim for underinsured motorist coverage benefits from her insurance company, Defendant American Family Insurance Company. In accordance with C.R.S. § 10-3-1116, Plaintiff is entitled to recover from Defendant American Family two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF COMMON LAW BAD FAITH

24. Plaintiff incorporates all prior allegations as though fully set forth herein.

25. Defendant American Family owed and continues to owe to Plaintiff a duty of good faith and fair dealing in reviewing, evaluating, adjusting, and paying Plaintiff's insurance claim and in all of its dealings with Plaintiff.

26. Defendant American Family Insurance Company has breached, and continues to breach its duty of good faith and fair dealing by engaging in the following:

(a) Failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policies;

(b) Failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies

(c) Refused to pay claims without conducting a reasonable investigation based upon all available information;

(d) Not attempted in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(e) Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(f) Favoring its own interests over those of Plaintiff, an insured under the subject policy;

(g) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy.

27. Defendant American Family's actions were/are unreasonable.

28. Defendant American Family knew and knows its conduct was unreasonable and/or disregarded the fact that its conduct was unreasonable.

29. In addition to her contractual damages, Plaintiff has sustained injuries and damages specifically because of American Family Insurance Company's bad faith conduct. Plaintiff has been forced to incur additional costs in litigation. Plaintiff has endured the emotional trauma of being unnecessarily involved in a lawsuit with Defendant and is anxiety ridden as a result of the actions of her insurance company. She has been nervous, depressed and has had sleep disturbances as a result of Defendant's bad faith conduct.

Plaintiff has also been deprived of the use of funds that would otherwise be used for such things as medical treatment.

30. The Defendant's bad faith conduct was undertaken with a wanton and reckless disregard of Plaintiff's rights and feelings.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of the Plaintiff and against the Defendant to include the following:

(a) Breach of contract damages in the amount of $100,000 together with interest and costs.

(b) C.R.S § 10-3-1115 and 1116 damages in the amount of $200,000 together with interest and attorney's fees and costs.

(c) Common law bad faith damages in an amount to be determined at trial.

(d) Exemplary damages in an amount to be determined at trial.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED at Denver, Colorado this 31st day of January, 2017.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: /s/ *Patric J. LeHouillier*
Patric J. LeHouillier, Esq., Atty. Reg. # 7984
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Ave.
Aurora, CO 80014
Phone Number: (303) 757-3300
Fax Number:   (303) 759-5203
E-Mail: lehouillierp@fdazar.com
*Attorneys for Plaintiff*